# In the United States District Court for the Southern District of Georgia
# Brunswick Division

FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 12:21 pm, May 20, 2020

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TRACY WAYNE CROSBY,<br><br>    Defendant. | CR 217-061 |

### ORDER

Before the Court is Defendant Tracy Crosby's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act.  Dkt. No. 51.  For the reasons below, Crosby's motion is **DISMISSED**.

### BACKGROUND

In June 2018, under a written plea agreement, Crosby pleaded guilty to sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2).  Dkt. Nos. 31, 32.  In October 2018, the Court sentenced Crosby to 128 months' imprisonment with the Bureau of Prisons ("BOP").  Dkt. No. 47.  Crosby did not directly appeal.  According to the BOP website, Crosby is currently incarcerated at FCI Petersburg Low located in Hopewell, Virginia, with a projected release date of December 31, 2026.

Crosby now moves for reduction in sentence via compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Crosby's motion is based

on the COVID-19 pandemic and his concern for his health. As the Government notes, however, Crosby has not exhausted his administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Before a prisoner can file a motion under 18 U.S.C. § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). Here, Crosby shows that he filed a reduction in sentence request with the BOP on March 31, 2020.[1] Dkt. No. 51-1 at 6. It appears that Crosby's request was denied on April 10, 2020. Id. at 5. Contained in the denial is the following language:

> If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

Id. Crosby does not allege that he filed an appeal of the Warden's denial, and no such denial is attached to his motion. Indeed, Crosby states in his motion that he has "not filed the

---

[1] In that request, Crosby claimed he was "an inmate over 60 years-old." Dkt. No. 51-1 at 6. In reality, Crosby is only 44 years old. Dkt. No. 51-1 at 8.

2

Administrative Remedy," in part, because doing so would be "futile." Id. at 1.

Because Crosby has not provided the Court with enough information to conclude he has exhausted his administrative remedies, the Court must dismiss his motion. See United States v. Coates, 775 F. App'x 669, 671 (11th Cir. 2019) ("Nothing in the record before us here indicates [defendant] exhausted his administrative remedies before filing his request with the district court. The district court therefore lacked jurisdiction to consider [defendant's] motion."). Furthermore, Crosby's futility argument is unpersuasive. Title 18 U.S.C. § 3582(c) does not contain a futility exception for the administrative remedy process, and the Court will not create one.

Accordingly, Crosby's motion, dkt. no. 51, is **DISMISSED**.

**SO ORDERED,** this 20th day of May, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA